IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

Case No.:

CLAIRE PERRY and,
AUBREY PERRY, SR., jointly
as husband and wife
Plaintiffs,

vs.

MERCK & CO., INC.,

Defendant.
_____/

## COMPLAINT AND JURY TRIAL DEMAND

Plaintiffs, CLAIRE PERRY and AUBREY PERRY, SR., sues Defendant, MERCK & CO., INC., and alleges as follows

### JURISDICTION

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332. There is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00) exclusive of interest and costs.

2. This Court has personal and subject matter jurisdiction over all parties as Defendants have done business in the State of Florida, either directly or by agent and have availed themselves of this jurisdiction and Plaintiff resides in this jurisdiction.

3. At all times material, MERCK & CO., INC., caused to be placed in the stream of commerce the prescription drug known as Fosamax.

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
TALLAHASSEE, FLA.

2008 JAN 11  PM 3: 45

FILED

## PARTIES

4. Plaintiffs, **CLAIRE PERRY and AUBREY PERRY, SR.**, husband and wife, at all times material hereto were residents of the state Florida.

5. Defendant, **MERCK & CO., INC.**, (herein referred to as "MERCK") sold, distributed, marketed and/or otherwise promoted Fosamax in the State of Florida.

6. At all times herein mentioned, Defendant was and is a New Jersey Corporation, with its principal place of business at Once Merck Drive, Whitehouse Station, New Jersey 08889-0100.

7. This action arises out of the manufacturing, selling, distributing, marketing and/or otherwise promoting of Fosamax by Defendant, **MERCK** in the State of Florida without proper warnings as to the dangers associated with its use.

## GENERAL ALLEGATIONS

8. Defendant designed, tested, developed, manufactured, labeled, marketed, distributed and sold Fosamax.

9. Fosamax is the brand name of alendronate sodium, which is in a class of prescription drugs called bisphosphonates. Fosamax is taken orally.

10. Fosamax was approved by the United States Food and Drug Administration for treatment of osteoporosis.

11. The product literature prepared by Merck and circulated to physicians for use in prescribing the drug contained no warning about osteonecrosis of the jaw or other bone structures.

12. In 2002 or before, Defendant knew or should have known that a physician reported that several of his patients who were given Aredia, another bisphosphonate,

were diagnosed with osteonecrosis of the jaw and that the physician believed a casual relationship existed between the use of bisphosphonates and osteonecrosis of the jaw.

13.     Another group of physicians published a report about patients being diagnosed with osteonecrosis of the jaw after being given Aredia and Zometa, also a bisphosphonate. The report said, "the jaw complications presented in this review have had a major negative effect on the quality of daily life for each of these patients " and determined the "bisphosphonates may be at least partially responsible." Ruggiero, et al., "Osteonecrosis of the Jaws Associated with the Use of Bisphosphonates: A Review of 63 Cases," Journal of Oral and Maxillofacial Surgery, vol. 62, p. 533 (2004).

14.     In September 2004 and May 2005, another manufacturer sent warnings to physicians regarding the risk of osteonecrosis of the jaw with the use of its bisphosphonates, Aredia and Zometa.

15.     Defendant never issued any warnings or changed its product literature to warn of the risk of osteonecrosis of the jaw.

16.     Plaintiff, **CLAIRE PERRY**, was prescribed and took Fosamax.

17.     As a result of taking Fosamax, Plaintiff, **CLAIRE PERRY**, developed osteonecrosis of the jaw.

18.     As a result of taking Fosamax Plaintiff, **CLAIRE PERRY**, suffered compensable injuries, including but not limited to the following:

       a. severe and permanent physical and medical injuries and associated disabilities;

       b. severe past and future pain and suffering;

       c. severe past and future mental anguish;

       d. loss of enjoyment of life;

e. increased risk of health problems;

f. past and future medical care and monitoring; and

g. loss of past and future income.

## FIRST CLAIM FOR RELIEF

### [Strict Product Liability – Design Defect]

19. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 18 of the Complaint as if they were set forth here in full.

20. Defendant designed, tested, developed, manufactured, labeled, marketed, distributed and sold Fosamax.

21. Fosamax as designed, manufactured and sold by Defendant was defective in design or formulation in that it was unreasonably dangerous.

22. Fosamax as designed, manufactured and sold by Defendant was defective in design or formulation in that its foreseeable risks exceeded the benefits associated with the design or formulation.

23. Fosamax as designed, manufactured and sold by Defendant was defective due to inadequate warnings because Defendant knew or should have known that the product created a risk of harm to consumers.

24. Fosamax as designed, manufactured and sold by Defendant was defective due to inadequate testing.

25. As the proximate cause and result of the defective condition of Fosamax as designed, manufactured and sold by Defendant, Plaintiff, **CLAIRE PERRY**, was injured.

## SECOND CLAIM FOR RELIEF

### [Strict Product Liability – Failure To Warn]

26. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 25 of the Complaint as if they were set forth here in full.

27. Defendant designed, tested, developed, manufactured, labeled, marketed, distributed and sold Fosamax.

28. Fosamax as designed, manufactured and sold by Defendant was not accompanied by proper warnings regarding possible adverse side effects.

29. Defendant knew or should have known about the possible adverse side effects of Fosamax, including osteonecrosis of the jaw.

30. As the proximate cause and result of Defendant's failure to properly warn physicians and consumers, Plaintiff, **CLAIRE PERRY**, was injured.

## THIRD CLAIM OF RELIEF

### [Negligence]

31. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 30 of the Complaint as if they were set forth here in full.

32. Defendant designed, tested, developed, manufactured, labeled, marketed, distributed and sold Fosamax.

33. Defendant had a duty to exercise reasonable care in designing, testing, developing, manufacturing, labeling, marketing, distributing and selling Fosamax, including a duty to assure that users, like Plaintiff, **CLAIRE PERRY**, did not suffer unreasonable adverse side effects, such as osteonecrosis of the jaw.

34. Defendant failed to exercise reasonable care in designing, testing, developing, manufacturing, labeling, marketing, distributing and selling Fosamax in that Defendant knew or should have known that Fosamax created an unreasonable risk of osteonecrosis of the jaw.

35. Defendant was negligent in designing, testing, developing, manufacturing, labeling, marketing, distributing, and selling Fosamax.

36. As the proximate cause and result of Defendant's negligence, Plaintiff, **CLAIRE PERRY**, was injured.

## FOURTH CLAIM FOR RELIEF

### [Breach of Express Warranty]

37. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 36 of the Complaint as if they were set forth here in full.

38. Defendant expressly warranted, by and through statements made by Defendant or its authorized agents, that Fosamax was safe, effective, and fit for its intended use.

39. Plaintiff, **CLAIRE PERRY**, and her agents, relied on the skill, judgment and representations of Defendant.

40. Fosamax did not conform to Defendant's express warranties in that it was not safe and fit for its intended use because it causes serious adverse side effects, including osteonecrosis of the jaw.

41. As the proximate cause and result of Defendant's breach of its express warranties, Plaintiff, **CLAIRE PERRY**, was injured.

## FIFTH CLAIM FOR RELIEF

### [Breach of Implied Warranty]

42. Plaintiffs incorporate by reference the allegations contained in Paragraph 1 through 41 of the Complaint as if they were set forth here in full.

43. Defendant impliedly warranted to Plaintiff, **CLAIRE PERRY**, and her agents, that Fosamax was of merchantable quality and was safe and fit for its intended use.

44. Plaintiff, **CLAIRE PERRY**, and her agents, relied on Defendant's skill and judgment.

45. Fosamax was not of merchantable quality or safe and fit for its intended use in that it caused serious adverse side effects, including osteonecrosis of the jaw.

46. As the proximate cause and result of Defendant's breach of its implied warranties, Plaintiff, **CLAIRE PERRY**, was injured.

## SIXTH CLAIM FOR RELIEF

### [Loss of Consortium]

47. Plaintiffs incorporate by reference the allegations contained in Paragraph 1 through 46 of the Complaint as if they were set forth here in full.

48. At all times mentioned in this complaint, Plaintiff, **CLAIRE PERRY**, and Plaintiff's spouse, **AUBREY PERRY, SR.**, were husband and wife and continue to be married.

49. As a direct and proximate result of Defendants wrongful and negligent actions, and each of them, the Plaintiffs were cause to suffer, and will continue to suffer in the future, loss of consortium, loss of society, affection, assistance, and conjugal fellowship, all to the detriment of their marital relationship.

50. That all the aforesaid injuries and damages were caused solely and proximately by the wrongful and negligent acts of the Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs **CLAIRE PERRY and AUBREY PERRY, SR.**, jointly as husband and wife, respectfully prays for relief and judgment against the defendant, jointly and severally as follows:

(a) compensatory damages in an amount to be determined at trial;

(b) attorneys' fees, expenses, and costs of this action;

(c) for any other relief this Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiffs, **CLAIRE PERRY and AUBREY PERRY, SR.**, hereby demand a trial by jury on all issues so triable.

Dated this 11 day of January 2008.

Respectfully Submitted,

PARKS & CRUMP, L.L.C.
240 N. Magnolia Drive
Tallahassee, Florida 32301
(850) 224-6400
Attorneys for Plaintiff

Daryl D. Parks, Esquire
FBN: 0054097

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Claire Perry and Aubrey Perry, Sr., jointly as husband and wife.

### DEFENDANTS
Merck & Co., Inc.

(b) County of Residence of First Listed Plaintiff: Leon
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Hunterdon
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Daryl D. Parks, Esq. Parks Crump LLC, 240 N. Magnolia Drive, Tallahassee, Florida 32301 (850) 222-3333

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☒ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability |  |  | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) |  |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  | ☐ 895 Freedom of Information Act |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)
- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☒ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC Section 1332(a)

Brief description of cause:
Plaintiffs' injuries were proximately caused by the ingestion of Fosamax.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE: 1-11-08
SIGNATURE OF ATTORNEY OF RECORD

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
TALLAHASSEE, FLA.

2008 JAN 11 PM 3:45

**FOR OFFICE USE ONLY**
RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

FILED

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

4.08cv19

| | | | |
|---|---|---|---|
| **CHAIRMAN:**<br>Judge John G. Heyburn II<br>United States District Court<br>Western District of Kentucky | **MEMBERS:**<br>Judge D. Lowell Jensen<br>United States District Court<br>Northern District of California<br><br>Judge J. Frederick Motz<br>United States District Court<br>District of Maryland<br><br>Judge Robert L. Miller, Jr.<br>United States District Court<br>Northern District of Indiana | Judge Kathryn H. Vratil<br>United States District Court<br>District of Kansas<br><br>Judge David R. Hansen<br>United States Court of Appeals<br>Eighth Circuit<br><br>Judge Anthony J. Scirica<br>United States Court of Appeals<br>Third Circuit | **DIRECT REPLY TO:**<br>Jeffery N. Lüthi<br>Clerk of the Panel<br>One Columbus Circle, NE<br>Thurgood Marshall Federal<br>Judiciary Building<br>Room G-255, North Lobby<br>Washington, D.C. 20002<br><br>Telephone: [202] 502-2800<br>Fax:          [202] 502-2888<br>http://www.jpml.uscourts.gov |

February 19, 2008

J. Michael McMahon, Clerk
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: MDL No. 1789 -- IN RE: Fosamax Products Liability Litigation

(See Attached CTO-47)

Dear Mr. McMahon:

I am enclosing a certified copy and one additional copy of a conditional transfer order filed by the Panel in the above-captioned matter on January 31, 2008. As stipulated in Rule 7.4(a) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), transmittal of the order has been stayed 15 days to give any party an opportunity to oppose the transfer. The 15-day period has now elapsed, no opposition was received, and the order is directed to you for filing.

The Panel's governing statute, 28 U.S.C. §1407, requires that the transferee clerk "...transmit a certified copy of the Panel's order to transfer to the clerk of the district court from which the action is being transferred."

A list of involved counsel is attached.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By /s/ Dana L. Stewart
Deputy Clerk

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
TALLAHASSEE, FLA.

Attachment

cc: Transferee Judge:     Judge John F. Keenan                 2008 FEB 21  PM 2:48
    Transferor Judges:    Judge John H. Moore, II; Judge Robert L. Hinkle
    Transferor Clerks:    Sheryl L. Loesch; William M. McCool

FILED

JPML Form 36

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 3 1 2008

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: FOSAMAX PRODUCTS LIABILITY LITIGATION                    MDL No. 1789

(SEE ATTACHED SCHEDULE)

CONDITIONAL TRANSFER ORDER (CTO-47)

On August 16, 2006, the Panel transferred four civil actions to the United States District Court for the Southern District of New York for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* 444 F.Supp.2d 1347 (J.P.M.L. 2006). Since that time, 113 additional actions have been transferred to the Southern District of New York. With the consent of that court, all such actions have been assigned to the Honorable John F. Keenan.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Southern District of New York and assigned to Judge Keenan.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Southern District of New York for the reasons stated in the order of August 16, 2006, and, with the consent of that court, assigned to the Honorable John F. Keenan.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Southern District of New York. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

Inasmuch as no objection is
pending at this time, the
stay is lifted.

FEB 1 9 2008

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

IN RE: FOSAMAX PRODUCTS LIABILITY LITIGATION   MDL No. 1789

## SCHEDULE CTO-47 - TAG-ALONG ACTIONS

| DIST. DIV. C.A. # | CASE CAPTION | |
|---|---|---|
| ALABAMA MIDDLE | | |
| ~~ALM 2 08-51~~ | ~~Martha Finley v. Merck & Co., Inc., et al.~~ | Opposed 2/19/08 |
| FLORIDA MIDDLE | | |
| FLM 3 08-71 | Annie Laverne Sampsell v. Merck & Co., Inc. | |
| FLORIDA NORTHERN | | |
| FLN 4 08-19 | Claire Perry, et al. v. Merck & Co., Inc. | |

INVOLVED COUNSEL LIST (CTO-47)

M. King Hill, III
VENABLE LLP
210 Allegheny Avenue
Towson, MD 21204

Katharine R. Latimer
SPRIGGS & HOLLINGSWORTH
1350 I Street, N.W.
9th Floor
Washington, DC 20005

Daryl Dion Parks
PARKS & CRUMP LLC
240 North Magnolia Drive
Tallahassee, FL 32301-2638

Christopher A. Seeger
SEEGER WEISS
One William Street
10th Floor
New York, NY 10004-2502

Michael E. Seelie
MICHAEL E SEELIE PA
2468 Atlantic Boulevard
Jacksonville, FL 32210

Terry O. Tottenham
FULBRIGHT & JAWORSKI LLP
600 Congress Avenue
Suite 2400
Austin, TX 78701-2011

Benjamin C. Wilson
RUSHTON STAKELY JOHNSTON & GARRETT PA
184 Commerce Street
P.O. Box 270
Montgomery, AL 36101-0270

E. Frank Woodson
BEASLEY ALLEN CROW METHVIN PORTIS & MILES PC
218 Commerce Street
P.O. Box 4160
Montgomery, AL 36103-4160

UNITED STATES DISTRICT COURT
Southern District of New York
Office of the Clerk
500 Pearl Street
New York, N.Y. 10007
(212)805-0136

J. Michael McMahon
Clerk

USDC ND OF FLORIDA

Date: 2/27/08

In Re:   Fosamax

MDL   1789

Your Docket #                              S.D. OF N.Y.

4:08-19 — *RH*                              08-1865

Dear Sir:

    Enclosed is a certified copy of the order of the Judicial Panel on Multidistrict Litigation, transferring the above entitled action presently pending in your court, to the Southern District of New York and assigned to Judge   KEENAN       for coordinated or consolidated pretrial processing pursuant to 28 USC 1407.

    Please return the copy of this letter when transmitting YOUR FILE and a CERTIFIED COPY OF THE DOCKET SHEET.

Sincerely,
J. Michael McMahon

By:
MDL Unit
(212) 805-0646

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
TALLAHASSEE, FLA.

2008 MAR -3  PM 1: 15



FILED

A CERTIFIED TRUE COPY

FEB 19 2008

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDGE KEENAN
08 CV 1865

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 31 2008

FILED
CLERK'S OFFICE

FLD
2/25/08
S D of NY

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: FOSAMAX PRODUCTS LIABILITY LITIGATION                          MDL No. 1789

(SEE ATTACHED SCHEDULE)

CONDITIONAL TRANSFER ORDER (CTO-47)

On August 16, 2006, the Panel transferred four civil actions to the United States District Court for the Southern District of New York for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. See 444 F.Supp.2d 1347 (J.P.M.L. 2006). Since that time, 113 additional actions have been transferred to the Southern District of New York. With the consent of that court, all such actions have been assigned to the Honorable John F. Keenan.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Southern District of New York and assigned to Judge Keenan.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Southern District of New York for the reasons stated in the order of August 16, 2006, and, with the consent of that court, assigned to the Honorable John F. Keenan.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Southern District of New York. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

Inasmuch as no objection is
pending at this time, the
stay is lifted.

FEB 19 2008

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

A CERTIFIED COPY
J. MICHAEL McMAHON,                    CLERK

BY _____
                                   DEPUTY CLERK

IN RE: FOSAMAX PRODUCTS LIABILITY LITIGATION                MDL No. 1789

## SCHEDULE CTO-47 - TAG-ALONG ACTIONS

**DIST. DIV. C.A. #**             **CASE CAPTION**

ALABAMA MIDDLE
~~ALM-2   08-51~~                 ~~Martha Finley v. Merck & Co., Inc., et al.~~    Opposed 2/19/08

FLORIDA MIDDLE
FLM  3   08-71                    Annie Laverne Sampsell v. Merck & Co., Inc.

FLORIDA NORTHERN
FLN  4   08-19                    Claire Perry, et al. v. Merck & Co., Inc.



111 North Adams St.
Tallahassee, Florida 32301
(850) 521-3501

March 10, 2008

**To:** Clerk, United States District Court
Southern District of New York District of New York
Office of the Clerk
500 Pearl Street
New York, N.Y. 10007

**Re:** PERRY V MERCK & CO. INC
FLN Case No. 4:08CV19-RH/WCS

The above-styled civil action is being transferred to your district pursuant to an order entered on , by Judge .

Attached are a certified copy of the docket sheet, a certified copy of the order of transfer, and all other original pleadings filed to date.

Please acknowledge receipt on the enclosed copy of this letter of transmittal.

           WILLIAM M. McCOOL, CLERK OF COURT


           s/David L. Thomas
           Deputy Clerk: David Thomas

Attachments

Date of receipt of case in your district: _____

Your Case No: _____

*The mission of the Office of the Clerk of the Northern District of Florida is to provide superior service to the public and the Court.*

Pensacola Division (850) 435-8440 • Gainesville Division (352) 380-2400 • Panama City Division (850) 769-4556